## JUSTUS KILLIAN, Receiver, etc.,
### v.
## JOHN HOFFMAN.

1. PLEDGE.—A pledgee cannot become a purchaser at his own sale, and if he does so, the sale will be set aside at the instance of the pledgor, without regard to the question whether the sale was beneficial to the owner or otherwise.

2. SALE OF STOCK PLEDGED AS COLLATERAL SECURITY.—Where a person gave his note to a bank and deposited with the bank certain shares of stock as security for its payment, and upon maturity of the note and its non-payment the stock was sold to the cashier of the bank, and the amount of the sale indorsed upon the note as payment, *held*, that the sale was voidable at the election of the pledgor; but if he avoided it, the bank would still hold the stock as security for payment of the note.

3. INSTRUCTION AS TO EFFECT OF SALE.—Under such a state of facts it was error to instruct the jury that the defendant, in an action against him upon the note, was entitled to set-off the full value of the securities at the time of sale, as this was in effect telling the jury that such sale was *ipso facto* a conversion, although it might have been made in good faith and without fraud.

APPEAL from the Circuit Court of Cook county; the Hon. THOMAS A. MORAN, Judge, presiding. Opinion filed March 29, 1880.

Messrs. WOODBRIDGE, BLANKE & WOODBRIDGE, for appellant; as to the right of the bank to sell the stock upon non-payment of the note, cited Loomis v. Stave, 72 Ill. 623; Mowry v. Wood, 12 Wis. 413; Tyler on Pawns, 601; Story on Bailment, § 317.

If the defendant elects to avoid the sale, the stock remains as security for the debt; there can be no set-off: Stokes v. Frazier, 72 Ill. 428; Middlesex Bank v. Minot, 4 Met. 325; Bryan v. Baldwin, 7 Lans. 174.

Mr. A. W. GREEN, for appellee; that where substantial justice has been done, a judgment will not be reversed because of error in an instruction that did not affect the verdict, cited Beseler v. Stephani, 71 Ill. 400.

Where the evidence is conflicting, the verdict will not be disturbed: Hubbard v. Rankin, 71 Ill. 129; Plummer v. Rigdon, 78 Ill. 222.

Plaintiff cannot assign for error an instruction given at his own request: O'Neill v. Orr, 4 Scam. 1; Miller v. Balthasser, 78 Ill. 202.

Wilson, J.    This was an action of assumpsit, brought by appellant against appellee, John Hoffman, on a promissory note for $1000, executed by the latter, dated February 7, 1872, and payable to the Germania Bank, three months after date, with interest at ten per cent.    Attached to the note was an instrument in writing executed by Hoffman, reciting in substance that he had deposited with the bank as collateral security to the note, $1000 of the stock of the bank, and authorizing the bank, or its agents, to sell the same if default should be made in the payment of the note at maturity, at public or private sale, without giving any notice to Hoffman, and to apply so much of the proceeds thereof as might be necessary to pay the note.

There was a verdict and judgment in the court below for the defendant, and the plaintiff brings the case here by appeal, and assigns various errors, of which it is necessary to consider only one.

In December, 1872, about seven months subsequent to the maturity of the note, Hoffman having failed to pay the same, the stock, by direction of the president of the bank, was put up at auction in the bank, and was bid in by the cashier for the sum of $500, who subsequently transferred it to the bank. The $500 was endorsed as a credit on the note.    The testimony tends to show that after the maturity of the note, and prior to the sale of the stock, Hoffman was notified that his note was overdue, and that payment was demanded.    Hoffman denies that he ever received any notification or request for payment, and testifies on the contrary that the stock was not deposited as collateral under the written power of sale, but was left with the president of the bank the day after the execution of the note, under an independent parol agreement to the effect that at the maturity of the.

note the president should sell the stock and pay the note with the proceeds; and that sometime after the maturity of the note he was told by the president that the stock had been sold and the note was cancelled, and that he need give the matter no further attention. These statements are denied by the president and cashier, who testify that the stock was deposited with the bank at the time the note was given, as collateral to the note, pursuant to the written power of sale.

The sale of the stock and the purchase by the cashier with the money of the bank, as it seems to have been, and its subsequent transfer by the cashier to the bank, was substantially a sale to the bank, and was voidable at the election of Hoffman. The law does not permit a pledgee, trustee or other person standing in a fiduciary relation to property, or choses in action committed to his charge, to become a purchaser of the same at his own sale; and, as between the parties and their representatives, such sale will be set aside at the instance of the owner, without regard to the question as to whether the sale was beneficial or otherwise. Hoffman had his election to treat the sale as valid or invalid. If he elected to treat it as invalid, the stock was thenceforth held by the bank upon the terms of the original deposit. If on the other hand, he elected to affirm the sale, then he was entitled to a credit on the note for five hundred dollars, the proceeds of the sale, and no more. He cannot treat the sale as valid for one purpose, and as void for another purpose; or as was said in Bryan, Executrix, v. Baldwin, 7 Lansing (N. Y.), 174: "The law will not permit a party to blow hot and cold."

In Stokes v. Frazier, 72 Ill. 428, it was held that the pledgee of bonds held by him as collateral security for the repayment of money advanced by him cannot become the purchaser of such bonds at a sale made by himself in default of the payment of the money to him, and if he does so purchase, the pledgor has the right to treat the sale as valid or to treat it as void. And if he elects to treat the sale as void, then the title to the bonds remains precisely as if no sale had been made, with the lien of the pledgee still on them for the amount of his debt. And to the same effect is the case of Middlesex Bank v. Minot,

4 Metcalf, 325.   See, also, Story on Agency, 8th Ed. § 211, and notes, where the whole subject is fully discussed.

Tested by these principles, the third instruction given at the request of the defendant was erroneous.   It is as follows: " The jury are instructed that if they believe from the evidence that the stock deposited with the Germania Bank by the defendant, as collateral security for his promissory note in evidence, was sold to Haller, who was at that time the cashier of said bank, and by him subsequently transferred to said bank, and that he bought it as an officer of the bank, and in fact for the bank, then such sale was not binding on said defendant, and the defendant is entitled to set-off against said note the full value of said stock at the time of sale, as it may appear from the evidence."   Instead of informing the jury that if the sale was not binding on the defendant, he had the right to disavow it and to reclaim his stock upon paying his note, the court told the jury that the defendant was entitled to set-off the full value of the stock at the time of the sale, without regard to the amount realized from the sale.   This was, in effect, declaring that because the stock was sold to the bank instead of a third person, and might for that reason be avoided by Hoffman, it was *ipso facto* a conversion, although it might have been made in good faith and without fraud.   If there had been evidence of fraud on the part of the officers of the bank in making the sale, and the instructions had embodied that hypothesis, it might have been proper; but the instruction as given took away from the jury all right to consider the question of good faith or fairness in the transaction, and treated the purchase, if made for the bank, as in itself a fraud in fact.   This, as has been seen, was erroneous.

It is urged by appellee's counsel that the court below gave an instruction, at the instance of the plaintiff, embodying the same principle as that contained in the defendant's instruction which we have been considering.   It is sufficient to say we do not think the two instructions are identical in their scope or purpose.   The plaintiff's instruction is in the nature of a saving clause, in which the court was asked, in substance, that even if the bank was the purchaser of the stock, that fact would not

entitle the defendant to a larger set-off than the actual value of the stock at the time of the sale, and that if such value was less than the amount of the principal and interest of the note, the plaintiff would be entitled to a verdict for the balance; while the defendant's instruction told the jury, in effect, that the mere fact that the bank was the purchaser was equivalent to a conversion. But if it were conceded that the two instructions embodied a similar principle, we should hesitate in upholding a verdict where the jury had been clearly misdirected as to a question of law upon which the case mainly hinged.

For the error of the court in giving the defendant's third instruction, the judgment of the court below is reversed, and the cause remanded for a new trial.

Reversed and remanded.